USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/23/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
STX PAN OCEAN (UK) CO. LTD.,

                Plaintiff,

  -against-

CLASSIC MARITIME INC., and CLASSIC
SHIPHOLDING INC.,

                Defendants.
------------------------------------------------------------- x

**ORDER DENYING MOTION TO VACATE MARITIME ATTACHMENT**

08 Civ. 10212 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On November 24, 2008, I issued an order of maritime attachment in this case in the amount of $1,882,985.49. Because Plaintiff did not report within ninety days, as required by the order, I vacated the order of attachment and dismissed the case on March 9, 2009. I reinstated the attachment at Plaintiff's request on March 16, 2009, and ordered Plaintiff to deposit the attached funds into the court registry. After Plaintiff proposed an alternative plan, I dismissed the case without prejudice on April 1, 2009, and ordered the banks which had restrained funds to continue to do so, subject to further order of the court. Defendants then requested that the case be reopened, and moved to vacate the original order of attachment pursuant to Adm. Supp. R. E(4)(f), Fed. R. Civ. P. I granted the request to reopen the case, and set a briefing schedule for the motion. For the reasons described below, the motion is denied.

      Rule E(4)(f) provides that "any person claiming an interest in [property attached pursuant to Adm. Supp. R. B] shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the . . . attachment should not be vacated or other relief granted consistent with these rules." A plaintiff seeking to sustain an attachment must show that "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory

or maritime law bar to the attachment." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006). Even if a plaintiff meets these four requirements, vacatur is nonetheless required if the defendant shows that "1) the defendant is present in a convenient adjacent jurisdiction; 2) the defendant is present in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for a judgment." Id. at 436.

The Complaint alleges that Plaintiff chartered a ship to Defendant Classic Maritime Inc. ("CMI"), and that Defendant Classic Shipholding Inc. guaranteed CMI's performance of the charter party. It alleges that Plaintiff discovered problems with the collateral offered, and withdrew from the charter party and re-chartered the vessel. CMI sought, and received, an order of attachment in this court, and initiated arbitration against Plaintiff in London for breaching the charter party. Plaintiff then sought, and received, the order of attachment in this case, to obtain security for an arbitration counterclaim against CMI.

Defendants argue that the counterclaim for which Plaintiff seeks security is unripe, because the time within which Plaintiff may assert such a claim without permission from the arbitral panel has passed, and Plaintiff has neither asserted such a claim nor sought permission to do so. Thus, Defendants argue that Plaintiff has no "valid prima facie admiralty claim" to support its attachment. See Aqua Stoli, 460 F.3d at 445. However, Plaintiff asserts that it recently filed its counterclaim papers on May 20, 2009, see Lee Decl. Exh. D, after a member of the arbitral panel told the parties that the panel was "surely bound to allow" the claim, projected a date for CMI to respond to that claim, and suggested that the parties proceed to the merits without arguing about the procedural propriety of the claim, see Lee Decl. Exh. C.

The motion is denied. The alleged breach of a charter party is a maritime claim, and both sides allege breach of the same agreement. Plaintiff has filed its counterclaim based on the agreement, and may properly secure that claim against Defendants' property. Unlike other

cases in which courts have vacated attachments on ripeness grounds, see, e.g., Bottiglieri Di Navigazione SPA v. Tradeline LLC, 472 F. Supp. 2d 588 (S.D.N.Y. 2007), but see Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd., 485 F. Supp. 2d 399 (S.D.N.Y. 2007), this case does not involve a contingent indemnity claim, but rather an essentially compulsory counterclaim in an ongoing arbitration. Even if Plaintiff did not assert that claim initially and lacked permission to do so when it first sought the order of attachment, the claim is so related to the subject of the arbitration that its viability cannot be questioned. Accordingly, because Plaintiff has asserted a valid prima facie maritime claim, and because the other factors of Aqua Stoli are uncontested, I deny Defendants' motion to vacate the attachment.

The Clerk shall mark the motion (Doc. #12) as terminated.

SO ORDERED.

Dated:   June 22, 2009
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge